DJW/bh

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**STANLEY L. SMITH,**

                      **Plaintiff,**

                                                           **Civil Action**

**v.**

                                                       **No:   03-2516-KHV-DJW**

**TURNER UNIFIED SCHOOL DISTRICT 202,**

                      **Defendant.**

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' Motion for Leave to File an Amended Complaint (doc. 32). Plaintiff moves pursuant to Federal Rules of Civil Procedure 15(a) and 39(b) to amend his Complaint to include a jury demand. Defendant opposes Plaintiff's motion on the basis of waiver, arguing that Plaintiff waived his right to a jury trial by not timely making a demand for jury trial. For the reasons stated below, the Court will grant Plaintiff's motion to amend.

**I.     FACTUAL BACKGROUND**

Plaintiff, acting as a pro se litigant, filed his Complaint against Turner Unified School District 202 on October 13, 2003. He alleges claims of age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.*, under which jury trials are available.[1] Plaintiff did not include a demand for a jury trial in his pro se Complaint.

---

[1] The Age Discrimination in Employment Act "provides for enforcement in accordance with the 'powers, remedies, and procedures' of the Fair Labor Standards Act . . ., which includes the well-established right to a jury trial." *Bowdry v. United Airlines, Inc.*, 58 F.3d 1483, 1490 (10th Cir. 1995) (citations omitted).

Plaintiff subsequently retained legal counsel to represent him in this action, and his attorneys entered their appearance on January 12, 2005. Nine days after they entered their appearance, on January 21, 2005, Plaintiff's counsel filed this motion requesting leave to amend the Complaint to demand a jury trial.

## II.     APPLICABLE LAW AND ANALYSIS

Pursuant to Federal Rule of Civil Procedure 38(b), a party must seek a jury trial by filing and serving "upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue."[2]  Failure to serve and file a demand for jury trial constitutes a waiver of the right to a jury trial.[3]  A party may, however, seek relief from such a waiver under Rule 39(b). The party must file a motion under Rule 39(b), and the Court may order a jury trial as a matter of discretion..

The Tenth Circuit has held that the court's discretion under Rule 39(b) is very broad,[4] and only in the absence of "strong and compelling reasons to the contrary," should a district court deny a Rule 39(b) request for a jury trial.[5]  At the same time, however, the Tenth Circuit has ruled that a district court does

---

[2] Fed. R. Civ. P. 38(b).

[3] Fed. R. Civ. P. 38(d).

[4] *F.D.I.C. v. Palermo,* 815 F.2d 1329, 1333 (10th Cir. 1987); AMF *Tuboscope, Inc. v. Cunningham*, 352 F.2d 150, 155 (10th Cir. 1965).

[5] *Green Const. Co. v. Kan. Power & Light Co.*, 1 F.3d 1005, 1011 (10th. Cir. 1993) (quoting *AMF Toboscope*, 352 F.2d at 155).

not abuse its discretion by denying a Rule 39(b) motion when the "failure to make a timely jury demand results from nothing more than the mere inadvertence of the moving party."[6]

Plaintiff acknowledges that he did not timely file a request for trial by jury.  He argues that he should be allowed to amend his complaint to add a jury demand because when he filed his complaint he was pro se, and he relied on information provided by a Clerk's Office employee that he did not have to fill out the form to request a jury trial at the time he filed his complaint.[7]  Plaintiff argues that allowing him leave to amend to add a jury demand would not prejudice Defendant because the proceedings are still in a relatively early stage—the Pretrial Conference is scheduled for May 31, 2005, and trial is set for October 18, 2005. He also argues that the instant motion was filed shortly after he retained counsel.  Defendant counters that the motion should be denied in the interests of judicial economy, because a jury trial would result in a more expensive and time- consuming trial.

The Court does not find that allowing Plaintiff leave to amend to add a jury demand at this stage in the litigation would prejudice Defendant.  The mere fact that trying the case to the jury might result in greater expense or a longer trial is not "a clear and compelling reason" for denying the jury request. Moreover, Plaintiff has attempted to provide some justification for his failure to include the demand in his initial, pro se Complaint.  Finally, Plaintiff's newly retained attorneys acted swiftly to remedy the situation, by filing the instant motion only nine days after entering their appearance.  In light of these circumstances,

---

[6]*Dill v. City of Edmond, Okla.,* 155 F.3d 1193, 1208 (10th Cir. 1998) (quoting *Nissan Motor Corp. in U.S.A. v. Burciaga*, 982 F.2d 408, 409 (10th Cir. 1992)).

[7]Pl.'s Decl., attached as Ex. 1 to Pl.'s Mot. for Leave to File an Am. Compl. (doc. 32).

3

the Court will exercise its discretion and allow Plaintiff leave to amend his Complaint to include a demand for jury trial. Plaintiff shall file his Amended Complaint within five (5) days of the date of filing of this Order.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to File an Amended Complaint (doc. 32) is granted. Within **five (5) days** of the date of filing of this Order Plaintiff shall file and serve the Amended Complaint.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 7th day of April 2005.

s/ David J. Waxse  
David J. Waxse  
United States Magistrate Judge

cc:   All counsel and *pro se* parties